The next matter, number 23-1722, Joel Anthony Cochram v. Amy Boncher at this time. Would Counsel for Appellant Cochram please introduce herself on the record to begin? Good afternoon. May it please the Court, my name is Sydney Strickland and I represent Joel Cochram. I'd like to reserve two minutes for rebuttal, please. The District Court here erred in dismissing Mr. Cochram's habeas petition for lack of subject matter jurisdiction. Mr. Cochram was civilly committed in 2006 and for the last 10 years the BOP has repeatedly recommended that he be released under conditions. This recommendation has been filed in the committing court, the Northern District of Mississippi, and each time the Mississippi Court has taken no action on it, despite 4243's clear directive that the Court shall release the person or hold a hearing upon receiving such a report. Such a report or certification, are those the same? They're essentially the same thing, Your Honor. You say essentially. Legally, are they the same thing? I believe so, Your Honor. What supports that idea? Your Honor, I believe what BOP is filing is something to the Court saying that under their analysis, he is ready to be conditionally released and I believe that qualifies as a certification. Isn't the certification supposed to come from the head of the facility? Yes, Your Honor. Do we have a document that's a certification from the head of the facility? Your Honor, I believe it is. I'm sorry, correct me if I'm wrong, but I believe that there are certifications being filed. They're styled as certification? Your Honor, I believe that they are styled as reports, but I believe they qualify as certifications recommending his release. Is that in dispute or not? Is your understanding everybody agrees that that's a certification? My understanding is I have not seen a dispute with the government that there has been certifications filed. Regardless of that, Mr. Cockerham has also tried to seek relief in the Northern District of Mississippi by filing pro se petitions and asking for counsel. The District Court has taken no action on those for up to eight years and then summarily denies them as not well founded. Mr. Cockerham has attempted to go to the Northern District of Mississippi, but regardless of that, he has a statutory right to seek habeas relief under 4247G. It explicitly states that the right to habeas relief is unimpaired for people that are civilly committed. What relief is he seeking specifically? What does he want specifically based on the amended complaint that was rejected? What do you contend he wants? Your Honor, in the initial pro se petition, I believe he wants to be unconditionally released. In the amended complaint, the amendment is to change that to essentially conditional release, which would be in a hospital setting. Conditional release is one of the things that's talked about in 4243 and 4247H, correct? It can be release or conditional release. 4247H does speak about conditional release. So are you saying that in the amended petition, he wants relief that is otherwise available in the District of Mississippi under 4247H? I believe, Your Honor, the District Court of Mississippi could release him conditionally to a hospital setting, and that's what they did in the past. I guess my question to you is, is he looking for anything beyond, in this amended complaint rejected by the District Court, is he looking for anything beyond what he could get under 4247H? If the District Court of Mississippi can release him to a hospital setting, then that is something that can be done pursuant to 4247H. But the problem that we have here, Your Honor, is that his petition was dismissed for lack of subject matter jurisdiction. But the District Court had subject matter jurisdiction. Now, whether there is an alternative avenue of relief doesn't deprive the court of subject matter jurisdiction. That may be a reason for the court to abstain from granting relief under comedy principles and equitable principles that apply to all habeas. It wouldn't deprive them of subject matter jurisdiction over a 4247 filing. But this is a habeas filing. I'm sorry, Your Honor, I'm not sure I... Maybe a subject matter jurisdiction over the habeas filing. Yes. So the District Court... So how does it help to say that 4247H provides a basis for the relief? I guess I'm just not tracking that. Oh, I am saying that the fact that 4247H provides some basis for relief does not mean that the District Court here in Boston did not have subject matter jurisdiction over his habeas petition. Well, I guess the question is why doesn't it mean that when there is, by the statute, an alternative means of getting the relief? Well, first of all, Your Honor, because 4247G exists and it states that habeas relief is unimpaired, and that statute, that subsection wouldn't make any sense if there is then a subsection under it that says, well, there's an alternative remedy, so therefore you can't actually seek habeas relief. Well, no, there might be all kinds of habeas actions that could be brought for a person in such confinement that 4247 just doesn't speak to. Well, Your Honor, I... And then what 8G is making clear is habeas exists as to all of those. But 4247G is not so limited. And under general habeas principles, even absent 4247G, people held by the United States in illegal detention have the right to seek habeas relief, and the district to seek that relief is the district of confinement. So Mr. Cockerham could not seek habeas relief in the Northern District of Mississippi because it's clear under common law principles about habeas going back... But the government cites a case that I thought was somewhat persuasive where somebody wanted bail, they're following the bail procedures up through the appeal, and then they say, done with that, we're going to do habeas. And the Supreme Court says, no, you can't do that. There's a statutory scheme that says how you can test these bail things. You can't just invoke the background habeas. And I thought that seemed the same. I'm surprised you said the only relief they sought was under 4247H. But that seems like an alternative statutory scheme that falls in that same thinking as that Supreme Court case. Your Honor, I think there's a couple of distinctions there. One, that case is Stack v. Boyle, I believe. And first of all, the district court did not dismiss that habeas petition for lack of subject matter jurisdiction. It denied the habeas petition using equitable principles. So here the district court dismissed it for lack of jurisdiction. The Supreme Court did not say there's not jurisdiction. They said basically the court should not exercise its discretion to grant habeas relief because there is this alternative remedy. And also in that bail reform statute, there's not a subsection there saying that habeas relief is unimpaired. There's in this statute you have habeas relief unimpaired and then it's the next subsection that the government... Right, unimpaired to all of the doctrines that have grown up over time that tell us how to do habeas. And one of them is it's not a first resort, it's a last resort. And you have a first resort and you need to use that. Well, Your Honor, I believe Congress in drafting the statute knew about these principles. And that's the point in putting G in because generally in a typical case, then habeas is a last resort. But this is not a typical case and they wrote that into the statute. Is the amended claim seeking relief that you can get under 4247H in your view? No, Your Honor. I think that it's seeking a change in classification that can't necessarily be done in 4247H. So that's different than what you answered me a minute ago? Discharge. That's what I tried to ask in the beginning. And you said the claim was the same as a 4247H claim, but now you're saying it's a different claim in terms of reducing the classification level. The claim for discharge is a 4247H claim. The claim for a change in classification is not a 4247H claim. And those are both in the amended complaint, you say? The first one is in the original complaint and I believe the second one is in the amended complaint, which is why the court also had jurisdiction over the amended complaint. I see that I'm out of time. Thank you, Your Honor. So wait just a second. Is your argument with respect to a discharge that he can seek habeas relief in the form of a discharge? Yes, Your Honor. I believe that 4247G specifically allows for that. And regardless of whether the court should... 4247... So you're saying... And where would he have to bring that in your view? That has to... Any habeas has to be brought in the district of confinement. The Supreme Court reiterated that in Rumsfeld v. Padilla. The only district to challenge present confinement is in the district of confinement. And so he could not seek that habeas relief specifically in the Northern District of Mississippi. But if we disagreed with you on that, that wouldn't necessarily mean you lose on the amended complaint. Because on the amended complaint, you're saying there's 4240... that there's relief outside 4247 is what's being sought. Correct, Your Honor. Now, is it clear... Is that the 4243 suitability claim? Yes, Your Honor. And is it clear you cannot seek relief under 4247 for such a claim? Because it's seeking a transfer within while not a total discharge, Your Honor. And I believe 47H contemplates a discharge, but under conditions in some circumstances. Do we know that? In other words, it just depends, I guess, how you read 4247, whether it would be unavailable to the 4243. But you're saying that's your position. Government's not disagreeing with you, I take it. Yes, the 4243, yes, that's correct, Your Honor. And so you say even if the habeas right... I know you say it because of G, applies even as to something you can get under 4247. But even if it doesn't, it certainly applies to things you can't get under 4247. And that's why the amended complaint should have been allowed. Yes, that's correct, Your Honor. But there's also a distinction between subject matter jurisdiction and just denying the habeas potential under comedy principles. And so that's the claim about 4247H not precluding relief at all. And how is it better for you to have it denied on the merits rather than jurisdictionally? Because, Your Honor, the district court, I don't believe, got to the merits and was under the belief that... But if our rationale was that, oh, I see. The problem here is it's on the merits. That doesn't make things better for you, does it? Well, the district court, I believe, said, I don't believe I have subject matter jurisdiction because there is an alternative remedy. And I think the correct analysis is I do have subject matter jurisdiction. I should see if equitable principles allow me to grant this relief or if I should defer. And I think when you get to the merits of that, which I don't think this court has before it, then the equitable principles would counsel in favor of the district court in Massachusetts exercising its jurisdiction here because he has tried to seek relief in Mississippi and was unable to do so. If there are no other questions, I will. Thank you. Thank you, counsel, at this time. Thank you, counsel. For Bonchart, please introduce themselves on the record to begin. You may begin. Thank you. May it please the Court, Thomas Canwood on behalf of the United States. Good afternoon, Your Honors. Habeas, as we know, is an extraordinary remedy to be used where no other adequate remedy exists. We're all familiar with that principle. An adequate remedy exists here. Opposing counsel has suggested that Mr. Cockerham sought relief that was not available under 4247H. That's just not what 4247H says. And it's also not an accurate characterization of the amended petition. Do you agree that there are some forms of relief, such as discharge, for which he has to go back to the original court, but there are other forms of relief, such as, I want more freedom within the courtyard outdoors, that he could proceed in the jurisdiction where he is confined? Judge Kayaba, I think that he can proceed in the district of confinement for an Eighth Amendment-type tort claim, like if he were not being given adequate exercise time, that sort of claim would be appropriately brought, but not as a habeas. Under 4247H, any claim about the proper facility in which he's treated should be brought in that court. Well, let me understand. 4243 says he has to be a suitable facility, right? Yes, Your Honor. So if I think I'm not in a suitable facility and I want to challenge that on the ground that it's not suitable, can I bring that under 4247? Yes, Your Honor. Why? 4243 and 4247 typically talk about discharge and release, and there's nothing in 4247H that says it's only about total release versus partial. Did the district court address this question? No, it didn't, and respectfully, I would disagree with Mr. Cochran's counsel about the basis of the decision below. It was not a finding of no subject matter jurisdiction. It was a finding that it should be first brought because habeas is a matter of last resort. This claim should have first been brought in the Northern District of Mississippi. I'm just going back a step. Is your argument for why the habeas petition should be denied with respect to the amended claim, the amended petition, dependent on the 4243 ground for relief being capable of being brought under 4247? Yes. And the district court never addressed whether such a ground can be considered under 4247? Well, it's implied. The district court said that the... Because the way I read it, it wasn't clear to me the district court understood necessarily that it mattered whether the 4243 claim could be brought under 4247 or even that it was clear that the district court understood, as you seem to understand the petition, that a 4243 claim was the predicate for the amended petition. Well, I think the court assumed that this type of claim could be brought under 4247, and there's nothing in the statute that indicates it cannot. The purpose of 4247H is to challenge... But that's what I'm saying. The district court didn't pass on that question, did it? There's nothing in there doing any analysis? Are you saying we just have to read it as if it held that that's the case? Well, I think what the district court said was there's nothing in the amended petition which seeks different relief than the original petition. Yeah, but that's not true. If the original petition sought relief under 4247 for discharge and their contention is under 4243 we sought a suitable facility and 4247 doesn't give us that avenue of getting that claim heard. If that were correct. That's not how I read the statute. And then I'm just asking, did the district court pass on that question? It's not evident to me it did from its language. It did not specifically analyze... So my question is why wouldn't we just vacate and have the district court address that question now having had it teed up so we can just figure out whether you're right, that you can bring the 4243 claim under 4247 when this person is under the impression that he can't. Well, actually I'm not sure that's factually accurate. Nothing has suggested in the record that the petitioner thought he could not bring this except his counsel's representation. Based on what in the record? I don't think there's anything in the record. The only place it's addressed at all, even in the briefing, counsel suggested that the petitioner tried to raise this below with the northern district. And if the court looks at the criminal docket, which is before this court, those motions that are referenced in the reply brief have nothing to do with this type of claim. There's no case law that suggests... Am I right in understanding the only thing that is in dispute with respect to the amended petition is whether you're right that 4247 provides an avenue of relief for a challenge to the suitability of the facility under 4243? Because if I've heard the other side, other than 4247G, they don't have any argument as to why you should be able to hear things 4247. Well, 4247G doesn't prevent you from bringing another type of habeas action, as Judge Kayada suggested. We agree with that. For example, if the court in northern district of Mississippi ordered Mr. Cockerham released and the warden here refused to do so, it would be appropriate, the government would suggest, for habeas to be brought here in Massachusetts, also possibly a motion seeking contempt in the northern district. But that's a separate issue. So there isn't an inherent conflict between the government's position and 4247G remaining in place. I think what the panel seems to be focused on is whether you can pursue what they've called a change in classification under 4247H. First of all, the statute nowhere talks about classification. That's just not a thing. But suitable facility is. So the argument is Devens is far too prison-like. I should be going to a place that's more camp-like. I don't know if such a place exists, but that's where I should be going. You're not having me in a suitable facility. I'm not saying I should be discharged. I'm not saying that I'm not a danger or whatever the standard is. And that's what the person wants, a quantum reduction in the confinement. And that, we have recognized, is something that can be brought in habeas. That doesn't look to be what H is talking about. H is talking about you can, if the warden doesn't file the certificate, the person themselves can seek the same kind of, you know, bring the same kind of claim saying I'm no longer a substantial risk. But this person might be saying I just want to go to a place that's more like a camp and less like a prison. Why is that not a suitable facility argument not captured by H? Because H isn't restricted to total discharge. The whole statute, 4243, 4247, talks about release without conditions or release with conditions. At any point in time, the committing court can reevaluate, based on the expert input from the Bureau of Prisons, whether a release on conditions is appropriate. And, in fact, the Northern District did release Mr. Cochran on conditions. Right, but when you just said the classification, that's not a thing? That sounds like you can't bring a classification claim under 4247. No, what I'm saying is there is no such thing as a classification claim. Yeah, so suppose they come into the 4247 proceeding and they say what's your problem? And they say I want to be in a suitable facility under 4243. Can the 4247 proceeding entertain that contention? Absolutely. Okay. And that's exactly what Archuleta did. The 8th Circuit did in Archuleta. So your textual argument. I'm sorry? I'm not sure I quite understand your textual argument. Is it that 4247H, the heading discharge, and the later use of the word discharge, is intended to refer back to 4243F, heading discharge, and therefore capture everything that's under F can be done under H? If that's not your textual argument, what is it? The argument is that discharge and release are used interchangeably throughout the sections of 4243, 4247, 4245, 4248, the Adam Walsh Act, and release includes conditional release or unconditional release. What if my complaint is under 4243A? I've been found not guilty by reason of insanity, shall be committed to a suitable facility until such time as he is eligible for release pursuant to a later subsection, and I say I'm not asking you to go home. I'm asking you to go to a suitable facility, and I'm not in one. Where do I bring that? You could bring that under 4247H. H? Yes, Your Honor. And your support for that is what? Archuleta. Now you've confused me with your textual argument, because does the word release even appear in H? I'm sorry, Your Honor? Does the word release even appear in 4247H? You said that was your keystone for your... I thought you were saying that it was a synonym because of release appears elsewhere, so discharge and release just mean the same thing. Was that what you were trying to say? That's what I am trying to say. So, again, what's the textual argument that you're making as to why we should read 4247H as to authorizing the same breadth of court action as 4243F? Well, under 4243, discharge is also a heading, but when you look at the subsections under 4243 talking about discharge, it includes conditional release. And you're saying we should read that same word discharge in 4247 as also incorporating 1 and 2 of F? Under 4243, yes.  But those release in F is talking about, you know, you have standards to meet about showing whether you're a substantial risk, whether medication will help you. I guess I'm not sure why that's necessarily what this person's claiming. I think they might just be claiming I shouldn't be in Devens. It's too prison-like, and the BOP has, maybe they don't have, but they might have other facilities that I should be in. And I'm not saying I'm not a risk. I'm a risk, but I should be in a different place. That doesn't seem like an F claim or an H claim. I don't. There's nothing in the case law or in the statute that indicates to the government that that wouldn't be something you could pursue under H, and that's what other courts have done. So Judge Woodlock did not do that in Garcia. This was the claim, and he said that that kind of claim, he ultimately rejected it on the merits, but he said that was a habeas claim. He did, Your Honor, but Judge Woodlock in Garcia looked at 4247H as all or nothing, either complete discharge or not discharge, and the government respectfully suggests that Judge Woodlock got that wrong. My concern is if we follow your course here, that would imply we reject habeas being available here, and then the idea would be the right place to bring it would be in the Northern District of Mississippi, right? Yes, Your Honor. Unfortunately, our decision agreeing with your interpretation of 4247 isn't binding in the Northern District of Mississippi, is it? No, it would not be binding. Potentially, then he goes to the Northern District of Mississippi, I'd like to bring my suitability claims there, but that's ridiculous. You can't read discharge that way. You can't bring your 4247 claim. Then he comes back here, and he brings habeas, and we say, well, we already told you. You can bring it down there. I mean, what's supposed to happen then? It seems like a crazy system. He would go to the Fifth Circuit, Your Honor. The Fifth Circuit would also say, I don't think the First Circuit's right. They might, or they might not. That's the way it breaks. That's how it goes. Can't a district court transfer a case if it determines it has no jurisdiction? It absolutely can. That's exactly what the Eighth Circuit did under Archer. The Eighth Circuit could do it, and the district court, I'm sorry. If that's correct, the Mississippi court could refer it back here. Yeah, but what would we do when we got it? We'd say, no, we've already held. You can bring it there. As long as we could refer it back to the Fifth Circuit. I mean, it could go on for quite a long time. Can I ask, just so I understand, these reports that have been filed continuously that the district courts hasn't acted on, are they certifications in the government's view? I'm not sure how certification is defined, and I apologize. Perhaps I should know that, but I can't answer the question because I don't know really. What's the government's account of what's happening? This person, there keeps being reports, release him, and the district court's not acting on it. And there's a statute that says when there's a certification, you shall release them. Why is that not happening? We disagree factually with that. He had been released. We've set forth a chronology, and he was released in 2008. He was out for almost three years. He got into trouble again. So first the conditions of his release were modified, and then when he got into trouble again. Okay, but aren't there pending reports saying he should be released? No. The last report is he should remain committed. I see. So under those circumstances, the district court in the Northern District of Mississippi would have the power to look beyond the report and say, yeah, I've got the report, but I disagree. Or it could wholly give. I don't understand. There's a report that says he should be released, and it could look beyond the report? Absolutely. Even if the report is a certification? I saw under the statute when there's a certification, you shall discharge. I'm not comfortable enough with the term certification. I'm not aware of it appearing in the statute. That may be my ignorance. Well, doesn't it say, the word is certificate, not certification, but doesn't it say the court shall order the discharge or on motion of the attorney for the government shall hold a hearing? And there's been no motion. No, but the report, the current report recommends that he remain confined. So you're saying there's not a pending, unacted upon certificate, to use the statutory term, under 42, 43 age, that has not been acted on by the court? Correct. I am saying that. I'm saying that as it stands right now, the Bureau of Prisons has recommended that Mr. Cockerham remain confined due to his dangerousness. And so while we disagree with the suggestion that the Northern District has done nothing, it doesn't really matter for purposes of the current state of affairs because the Bureau of Prisons is recommending that he remain confined. Thank you.  Thank you, counsel, at this time. Counsel for the appellant has a two-minute rebuttal. Please do introduce yourself back on the record to begin. Thank you. Sydney Strickland for Joel Cockerham. I'm hoping to reach a couple of points in the limited time I have. First, as to the issue with the certification, I believe what's being filed qualifies as a certification. They're signed by the warden and they're issued to the clerk of court as 42, 43. Is there a pending one saying he should be released? Your Honor, the latest one says that he is not eligible for release. That one was filed after Mr. Cockerham filed this habeas action. So there were 10 years of reports saying that he should be released. And the court in Mississippi took no action on them. And that's in spite of him filing things with the court asking them to take action on it. And that is why Congress included this provision in G saying that habeas relief has to be available because civil commitment is just fundamentally different than a criminal sentence because it's indefinite. It requires some court action to intervene to end it. And when you have a court like the court in Mississippi not taking action, not intervening. But he could go to the Fifth Circuit and say mandamus. You're not doing anything. This court is not doing anything. So that would make it all make sense. You have to channel it through H. And then once you're in Mississippi, you have to follow what happens there. And there's a court that oversees that court. Why is that not a way it could work? Well, one of the problems is that first he's a pro se petitioner and he's filing motions that are not being construed as pursuant to 4247H. And they're being just denied as requests for counsel. And that's not an appealable order, a direct appeal order in the Fifth Circuit. So I don't think he could have appealed those. So that's why Congress gave them the option and you have two districts that can grant release here. And I believe Chief Judge Barron was referring to our argument as only under 4247G as to the discharge claim. But I don't think that's exactly correct because I believe the court had subject matter jurisdiction regardless because H says the supposed adequate alternative remedy. May I finish my answer, Your Honor? It says that a person may be discharged, may bring an action pursuant to this subsection. And that's right after G that says habeas relief is available. And I think as a general matter... So your system is complete chaos because there's a 180-day limitation on going to the District of Mississippi in this case. So your way of working is you go there, you'll lose. You've got to wait 180 days. But you can come to Massachusetts and do the same thing. Lose, go back to Mississippi, and just keep going back and forth? That that's the scheme you think would make sense? Your Honor, I think there are general equitable principles in habeas law that can be applied to prevent that. I believe it's Wong Do, the Supreme Court case from the 1920s that says, you know, a habeas court can look at the fact that another court had just decided it and deny it on that basis. Yeah, so there's abuse of the writ. And there's abuse of the writ, Your Honor. Yes, so there are things that can prevent the petitioner just going back and forth between the courts. Thank you. So with that, we'd ask Your Honor to vacate and allow the district court to exercise its jurisdiction. Thank you. Thank you, counsel. That concludes argument in this case.